Clerk will call the case. M-18-0223, Snap Advances LLC v. Macomb Office Supply, Inc. Okay, counsel. Just before you start, I'll point out that we've read the briefs and we're familiar with the record. Good morning. Ari Madoff, attorney for Snap Advances, the appellant. Could you speak up, please? Sure. Ari Madoff, the attorney for Plaintiff Appellant, Snap Advances, LLC. Whenever you're ready, counsel. Thank you. Good morning, Your Honors. Thank you for the opportunity to address the Court on this matter. As you're likely familiar, having read and reviewed the briefs, this arises from the registration of a Utah state judgment that was entered against three parties. At issue here today is the vacature of registration as to one of those parties, Macomb. It relates to a future receivables contract in which there was a choice of venue provision contained in that contract. Upon my client's allegation of a breach, they filed the matter in Utah State Court in reliance on that venue provision, bringing multiple counts against all three parties. One of the counts was a successor in interest claim against Macomb, who's the party that relates to this appeal. Your theory is that Macomb is really the alter ego of the person who signed the contract. Correct. Let's assume instead that she actually sold the business to a third party, okay? You could not make that third party come to Utah, right? Likely not. In this case, there was a factual basis that we allege, and it was not uncontroverted that there was a transfer of assets or repurchase agreement of the assets to Macomb, the new entity, with the same president, same management, same operating address, same business, et cetera. So that factual element is there. Otherwise, it would just be them willy-nilly filing a case in Utah based upon the original contract. The court in Utah made that determination that there was sufficient jurisdiction. We don't have a record. I'm sorry. If you don't have a record, the law in Illinois says if there's no record, we have to assume that they didn't have jurisdiction, because there's nothing to say. That's your allegation, they had jurisdiction. There's nothing in the order that says they had jurisdiction from Utah. Correct, but they did enter an order of judgment. A default judgment. Correct. And when you talk about the allegation with successive liability, that was what, count four in your complaint. Correct. But we're not talking about your complaint. We're talking about jurisdiction. Correct. Okay. And that's different. And with regard to jurisdiction, the way you believe jurisdiction was obtained was because of the written contract. Then McComb, over McComb, it's because of the written contract. That was your. The written contract as to Chapman's books and then sort of combined with the successor liability. Well, but the successor liability, again, that's an allegation in the complaint. So, but we're talking about jurisdiction. So we don't, that's not, according to me, any determination that we know of with regard to jurisdiction. And there's none that you cited. They didn't make a specific finding. You are correct, Judge. They didn't say in the order, we hereby find that there is jurisdiction as to McComb. The order does, it is a default order, Judge. It does state that they've granted, you know, the relief from the pleadings. It's uncontroverted in the matters here as to whether they're a successor or not. Their real discussion is whether it imports to, again, to McComb. Jurisdiction. Correct. We're not looking at the merits. We're not looking at the merits of the claim with regard to successor liability. We're just looking at whether the court, under Utah law, had jurisdiction over McComb. Correct. And, again, our position would be that they did by virtue of the successor allegation. But they never made a, I thought there was never a ruling made with regard to successor liability. In Utah, was there? I can look at the particular language in the order, Judge. I'm looking to the record. It starts at page C11, which is the registration of the judgment. They limit their language to having considered the application and declaration submitted concurrently therewith and in consideration of all pleadings and papers on file with the court, and for good cause of hearing, they enter judgment, and then they outline what that relief is. That's appearing at page 13 of the record. If you don't disagree that under Illinois law, this is the First Star Bank, Milwaukee case, if the issue of jurisdiction has been litigated and decided in a foreign court, the registering court is compelled to accord full faith and credit to that ruling. That's a law in Illinois. So the question becomes, was the issue of jurisdiction litigated and decided in a foreign court? What's your position on that? Our position, again, is by virtue of the successor allegation being accepted by the court. Well, where does it say that? Well, they entered an order. It was uncontroverted in the Utah court, and it was not controverted in the subsequent pleadings here that there was this issue of asset transfer, that there was a factual basis for a successor claim. In their pleadings, they discuss FBT. There was a bank that took liquidated assets, resold it to what we allege is essentially the same entity with the same management, the same line of business, almost concurrent with the default here. So I understand the court's – I understand the case that you refer to, Judge, which I think generally states that there's a presumption if there was a determination made by the originating court. Our position is that the absence of that determination doesn't necessarily preclude a finding by virtue of, you know, allegations of successor interest, you know, combined with the predecessor, there being jurisdiction as to the predecessor. That case wouldn't necessarily preclude entry of registration of foreign judgments where it's absent or silent or perhaps not clear enough as to whether they made a finding as to jurisdiction. Otherwise, you know, any default judgment in Illinois, which typically don't outline, at least in our experience, the court doesn't make a specific finding of jurisdiction or outline, you know, the facts that led them to conclude that there's jurisdiction. Otherwise, any default finding would be subject to attack if it was absent language finding jurisdiction. And typically, default orders simply say, you know, the court hearing the matter, find judgment entered. Another question, though. In the First Arab Bank case, the court said you first must look at the record of the foreign court. So we're talking about foreign courts. Right. Determine if that court ruled on jurisdiction. So that was the first question is, where in the record of the foreign court did they determine, that is, did they rule on the jurisdiction? And you say it's by implication. That's really your answer. Well, I imagine if they made an investigation and determined that they did not have jurisdiction, they wouldn't enter an order. Well, there's nothing to show that they made any investigation. In fact, it says it's the opposite, based upon everything in the filing. Isn't one of the issues that we're dealing with the fact that this is a default judgment? And so my colleague has asked you, you know, was this litigated in Utah? Well, it wasn't litigated in Utah because the comb didn't show up, even though they were properly served. Correct. So there couldn't have been any litigation because why would SNAP litigate anything in favor of McComb, them not having jurisdiction over McComb? SNAP is arguing that Utah did have jurisdiction over McComb. So SNAP has made its argument, yep, you have jurisdiction. We've properly served them. They're the successor in interest. Here's the contract. It's legally binding. The Utah court agrees with that. And McComb wasn't there to argue against it. So why would there have been litigation on that point? McComb had every opportunity to show up in Utah. Correct, and that was their decision. They had six months to show up in Utah. And that was their decision to make, and they chose not to go into the issue of successor liability. They chose not to appear in the Utah court. Well, it may be that they chose not to go into the issue of personal jurisdiction, but for whatever they were not doing, they didn't do it for six months. Correct. But if a party is not subject to jurisdiction in a foreign state, it's not incumbent upon them to go there to litigate. Wouldn't that defeat the purpose of requiring jurisdiction over a party? That's correct, and I would agree with that point. And I would say if hypothetically this were a case where there weren't a successor in interest allegation, where it was merely, let's say it was a completely different third party that purchased the assets of Chapman's, the original designatory to the contract. Let's say they had a sale, a liquidation sale, and Party B purchased the assets, and my client said, it looks like we can't get money from Party A anymore. Let's just file in Utah based on this contract that Party B is not a signatory to. And I would agree there wouldn't be any jurisdiction, there wouldn't be any factual basis laying forth why they have the rights to sue there. And I understand you have facts alleged in your complaint that you filed in Utah that say this successor corporation is really the same corporation, the same party that signed the contract. But that's inherently a factual issue, right? Correct. So you have a cause of action for successor liability and to pierce the corporate veil in Illinois against an Illinois resident, right? You have those causes of action against McComb? In theory we could bring those actions, correct. Right. But, again, for whatever reason my client wishes to litigate this in Utah, which is where they contracted with Party A, and I think the benefit of, I think the rationale for piercing the corporate veil for those types of claims, UFDA claims or alter ego claims, is that we don't want to allow a situation like this where a party can avoid the consequences of their contractual duties or whatever they wish to avoid by creating a new entity, diverting their assets to that entity. Unfortunately they do it all the time. And that's why there are those causes of action that permit the party that your client finds itself, the position your client finds itself in, to pursue those causes of action against third parties who are trying to hide assets or put them out of the reach of creditors. But they have to be pursued in the jurisdiction where the third party is amenable to service. But in the successor and interest claim, our argument is that Party B stands in the shoes of Party A, that they're essentially an alter ego and that they're bound by the obligations of Party A, including the contractual obligations. So we would argue that there has to be a limit to that cat and mouse game of trying to catch assets of a debtor. You know, hypothetically, what if the debtor, what if we registered it in Illinois now and issued a citation against Party B, saying, you know, there's some question as to Utah, let's issue it against Party B in Illinois. They liquidate their assets and move it to Indiana. It's an endless game that creditors play. And I think that the basis of these types of claims, of successor and interest claims, is to put a stop to that and say we're treating Party B as Party A. They're an alter ego. They're essentially the same party and they should be subject to the same obligations. But it's that sidestepping the issue of jurisdiction and whether your alleged alter ego is amenable to service in a foreign jurisdiction. The only reason that the contracting parties, the defendant, the original defendant bookstore was amenable to service in Utah was that the parties made a venue choice. And usually choices of venue don't bind anybody but the parties to a contract. That's correct. But in this case, we are alleging that Party B as a successor is bound to the obligations of Party A, including assent to venue provisions in contracts. And that if there was some factual basis for them to challenge that alter ego allegation, it's a fact-based inquiry that should have been made in Utah. And where we outlined where our position is that the circuit court exceeded the bounds of their inquiry was looking into the factual allegations of the successor in interest claim in the court in Utah and trying to make some determination as to whether it was well pled enough, whether I believe the circuit court's memorandum of opinion stated it was too generic, that they wanted more in the allegation. They also made a speculative inquiry as to whether the court may have been misled by the pleadings. Those are all we felt were an evaluation of the factual strength of the successor in interest claim and that those were determinations were fact-driven determinations made by the Utah court. You seem to be saying that allegations is the same thing as the issue of jurisdiction. You're talking about allegations in the complaint. But isn't jurisdiction a separate matter? Well, there's always a fact inquiry into jurisdiction. Right. And that's the question here, isn't it? It's a preliminary question. It is a preliminary question, but our position, our client's position, is that the issue of jurisdiction, it's a combination of factors. One is that there is a contract basis. And, two, again, the successor in interest is saying that party B. But that's the allegations. I mean, you keep trying to have it both ways. You know, if you talk about the allegations, then you're looking at the complaint. But based upon the jurisdiction that you were talking about, in order to get jurisdiction over McComb, your argument is they were successor in interest under the contract. Right? That's the issue. Right. And what the courts have said is, okay, that's an issue. And then the question, if in a fault judgment situation, did the court have jurisdiction in that foreign court over this party? Right? And that's the issue. And that's a legitimate issue that can be raised here under 1401. So, I mean, it seems that your argument is kind of going around in circles. Well, I can appreciate that if the contract itself says we're going to litigate anything in Utah, and the contract itself says, oh, and by the way, this includes successor in interest, that it would be a two-step argument to the court in Utah. You'd have to show, A, that Utah was the proper jurisdiction for anything, and, B, that McComb was swept into that jurisdiction because it was a successor in interest. So I'm not finding as much difficulty with your argument in Utah as my colleagues are. Can you? I understand. I would have to review the contract record to see if there is a standard provision for successors. In the contract? I'm not certain. It's contained in the briefs. I can't answer that. There is. Okay. So if you had just gone into the court in Utah and said, here, we're suing this Illinois company, the first thing the court would have said is, how did they get here? What are they doing here? How are you doing that? Right. And your answer would have been, see, look at this contract. It says successor in interest. So I get that. I think that what's troubling us is whether or not we can base a decision on a default judgment that doesn't specifically say the Utah court finds it has jurisdiction. And this order does not say that. It does say that they failed to respond. It does say they haven't otherwise defended, and the time to respond or defend is expired. But there's nothing in this order that specifically says, say, for example, under orders, one, it could have said court finds it has personal jurisdiction over McComb. But it didn't do that. So is it the order that's not complete enough that is causing a problem here? Well, it would then be presumed that in any default scenario, I guess either the originating court would have to lay out jurisdictional basis for their authority to enter the order, which is atypical. This court did not lay that out. It doesn't say anything about jurisdiction. Well, then the operating presumption would be that the courts don't have jurisdiction unless they enter in their order that they have jurisdiction. Well, then in that case, you can't demonstrate to us that they had jurisdiction. I would have thought that your answer was it's assumed that a court would not answer default judgment unless it felt they had jurisdiction. Well, that's correct, too. I imagine if they weren't satisfied that they had jurisdiction as a court, they wouldn't be entering any orders. Like you said, they would hold up a piece of paper and say, why are you sending an Illinois company here in Utah? So, again, I think absent that, I think that there would be a presumption that courts enter orders having jurisdiction or having made some inquiry. The circuit court here, in their memorandum of opinion, that doesn't seem to be the basis for their ruling. The court, and this is what we took issue to in our appellate brief, is that the court focused in on the strength of the successor and interest claim and whether it was sufficiently pled and whether the allegations were too generic or were too, were not fact-specific enough. So I don't believe in the memorandum of opinion that the judge and the circuit court enunciated that he was unconvinced that the court in Utah made a sufficient written finding of jurisdiction. Merely that our position that the successor interest claim merged with the contractual, the appearance of the contractual consent to venue clause was somehow insufficient or insufficiently pled. And that's where we took issue in our appellate brief, is that that then becomes more of a fact-driven issue than a jurisdictional issue. Okay. Well, thank you, counsel. Thank you for your time. For your briefs and your argument. We take this case under advisement. This court is in recess. Thank you for your time.